## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SCOTT PROUTY,

      **Plaintiff,**

      v.                        **Case No. 26-CV-283**

STATE OF WISCONSIN,
DOC WARDEN,
WAUPUN CORRECTIONAL,
STATE OF FLORIDA, and
LEE COUNTY SHERIFF,

      **Defendants.**

## SCREENING ORDER

Plaintiff Scott Prouty, who was incarcerated at the time of filing but has since been released, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing fee of $19.70. On April 20, 2026, Plaintiff paid an initial partial filing fee of $20.00. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff alleges that on April 14, 2025, State of Wisconsin Department of Corrections Agent Vargas issued an apprehension request (but not a warrant request) for Plaintiff. The State of Florida, Daytona Beach police arrested Plaintiff for trespassing on private property, even though the CVS building was deserted and there were no signs indicating that it was private property. During the arrest, Plaintiff was advised that there was an arrest warrant for Plaintiff from Wisconsin for absconding and being a fugitive from justice. Plaintiff asserts that the officers had no probable cause to arrest him because he had not committed a crime. Waukesha County accepted extradition of Plaintiff from Florida, and Agent Vargas initiated revocation proceedings against Plaintiff. Compl. at 2, Dkt. No. 1; Dkt. No. 1-1 at 2.

Plaintiff asserts that he is being held past his maximum release date. On March 19, 2007, Plaintiff was convicted in the Circuit Court of Waukesha County of three counts of injury by intoxicated use of a vehicle and one count of causing injury or operating while under the influence. *See Wisconsin v. Prouty*, Case No. 2005CF1445 (Waukesha Cty., Wis.), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2005CF001445&countyNo=67&mode=detai ls (last visited Apr. 23, 2026). He was sentenced to three years of initial confinement and five years of extended supervision for the first injury by intoxicated use of a vehicle count; three years of initial confinement and five years of extended supervision for the second injury by intoxicated use of a vehicle count, to be served consecutively to the first count; six years of probation, sentenced withheld, on the third injury by intoxicated use of a vehicle count, to be served consecutively to the second count; and two years of probation, sentence withheld, on the one count

3

of causing injury or operating a vehicle while under the influence, to be served concurrent with count three.  *Id.*

Plaintiff asserts that even though he has been placed on extended supervision, he has already completed his sentence.  He contends that he has served nearly nineteen years on a sixteen-year sentence for counts one and two and that counts three and four may not be imposed.  As a result, Plaintiff asserts that he has served his time and is being held past his maximum release date of March 19, 2023.  Compl. at 3.

Plaintiff seeks financial compensation for his time served and income lost due to his incarceration.  He also seeks his freedom and to be released from his current sentence of extended supervision in *Wisconsin v. Prouty*, Case No. 2005CF1445 (Waukesha Cty., Wis.).  He asserts that he has one and a half years of extended supervision to serve.  *Id.* at 4.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law."  *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff asserts that his current extended supervision is unlawful.  Plaintiff seeks immediate release from his extended supervision sentence and asserts that his sentence has been improperly prolonged.  A plaintiff may not proceed on claims under 42 U.S.C. § 1983 that challenge the fact, duration, or validity of his custody unless he first obtains a ruling that his conviction or sentence has been reversed, expunged, or invalidated in state court.  *See Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475 (1973).  Because Plaintiff is

4

challenging the length of his extended supervision, which is part of his "custody," he cannot pursue this claim in a § 1983 action. *See Williams v. Wisconsin*, 336 F.3d 576, 579–80 (7th Cir. 2003) ("Attacks on the fact or duration of the confinement come under § 2254 . . . . For parolees, the question is more metaphysical, because the 'conditions' of parole are the confinement." (citations omitted)).

Habeas corpus remains the sole federal remedy when a ruling in Plaintiff's favor would necessarily imply the illegality of his custody or that his conviction or sentence is invalid or unconstitutional. *Heck*, 512 U.S. at 487. Accordingly, the court cannot grant Plaintiff the relief he seeks. Plaintiff must raise his request for "freedom" in a habeas petition; he may not do so in a civil rights case.

Plaintiff also asserts that his Fourth Amendment right to an unreasonable search and seizure was violated in Florida. He names the State of Florida and the Lee County Sheriff as defendants. But a state cannot be sued in a lawsuit for violations of federal law under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66–67 (1989). In addition, a person is liable under § 1983 only if they caused or are responsible for the constitutional violation. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The complaint contains no allegations from which the court can infer that the Lee County Sheriff violated Plaintiff's constitutional rights. Accordingly, Plaintiff fails to state a claim upon which relief can be granted against these defendants.

In any event, Plaintiff's claims that he was improperly convicted as a result of Defendants' misconduct would be barred. The Supreme Court has held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

5

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87.  Because Plaintiff has not successfully challenged his conviction, he may not bring claims that would necessarily invalidate his conviction.  To the extent Plaintiff's claims are barred by *Heck*, the dismissal is without prejudice because Plaintiff could renew these claims if he ever succeeds in overturning his conviction.  *See Perez v. Sifel*, 57 F.3d 503, 505 (7th Cir. 1995).  For these reasons, Plaintiff's complaint must be dismissed.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that, due to the dismissal of this action, Plaintiff's motion to appoint counsel (Dkt. No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $330.00 balance of the filing fee as he is able.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 23rd day of April, 2026.

William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.